IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 23-10-BU-DLC |
| Plaintiff, | |
| vs. | ORDER |
| MARTIN TOPETE, | |
| Defendant. | |

This matter is before the Court on a motion to vacate under 28 U.S.C. § 2255 recently received from Defendant Martin Topete ("Topete"). (Doc. 395.) As explained herein, the motion will be dismissed without prejudice.

**Background**

Topete entered a guilty plea to Count 1 of the indictment; in exchange, Counts 2 & 3 were dismissed at the time of sentencing. *See* (Docs. 226 & 232.) On October 22, 2024, this Court sentenced Topete to the Bureau of Prisons for a term of 240 months. *See* Judg. (Doc. 384.) On October 25, 2024, Topete, through counsel, Colin Stephens, filed a notice of appeal. (Doc. 389.) On November 12, 2024, Craig Shannon was appointed to represent Topete on appeal. (Doc. 399.)

In his § 2255 motion, Topete challenges the length of the sentence he received and seems to take issue with trial counsel's advice relative to the plea

1

agreement.  (Doc. 395 at 3-5.)  Given the recent appointment of appellate counsel, and the fact that no briefing schedule has yet been set by the Ninth Circuit Court of Appeals, it is unclear what claims Topete will raise on direct appeal.

**Analysis**

Collateral proceedings are generally not permitted while a direct appeal is pending.  "Generally, the noting of such an appeal severely restricts the filing of a collateral claim with the District Court, to avoid any anomaly associated with the simultaneous consideration of the same case by two courts."  *United States v. Taylor*, 648 F. 2d 565, 572 (9th Cir. 1981)(citations omitted).  Instead, "[t]he usual practice is to make a collateral assertion of error subsequent to the date of decision in the direct appeal.  When this path is followed the risk of duplicitous and conflicting judicial administration is minimized, inasmuch as the disposition of the direct appeal may render the motion moot."  *Taylor*, 648 F. 2d at 572; *see also Black v. United Staes,* 269 F. 2d 38, 41 (9th Cir. 1959)("[A] section 2255 motion to vacate sentence…may not be entertained if there is a pending appeal in good standing, since disposition of the appeal may render the motion unnecessary.").

While this is a "rule of forbearance" and not necessarily a jurisdictional bar, *see e.g., United States v. LaFromboise*, 427 F. 3d 680, 686 n.9 (9th Cir. 2005), the district court is to entertain a collateral review motion during the pendency of a direct appeal only when "extraordinary circumstances" outweigh considerations of

administrative convenience and judicial economy. *Taylor*, 648 F. 2d at 572 (*citing Jack v. United States,* 435 F. 2d 317, 318 (9th Cir. 1970)(per curiam).

In the instant matter, there are no extraordinary circumstances that would require the Court to deviate from the typical policy of forbearance and entertain Topete's § 2255 motion while his direct appeal is pending. Additionally, some of the very issues identified by Topete in his § 2255 motion may be addressed by the Circuit on direct appeal. Judicial economy instructs this Court to stay its hand. Accordingly, Topete's premature § 2255 motion will not be heard while his direct appeal is pending.

Topete's motion will be dismissed without prejudice as his direct appellate review has not yet been completed. *See e.g., LaFromboise*, 427 U.S. at 686. Topete may return to this Court, if appropriate, at the conclusion of his direct appeal.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. Topete has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28

U.S.C. § 2253( c)(2).  Accordingly, a certificate of appealability will be denied.

Accordingly, IT IS HEREBY ORDERED:

1.  Topete's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 395) is DISMISSED without prejudice.  Topete may refile a § 2255 following the conclusion of his direct appeal.

2.  A certificate of appealability is DENIED.

3.  The Clerk of Court shall close the corresponding civil file of CV 24-171-BU-DLC by entering a judgment of dismissal.

DATED this 12th day of November, 2024.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court